968 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nwabueze V. OKOCHA, Plaintiff-Appellant,
v.
CASE WESTERN RESERVE UNIVERSITY; Dr. Jack L. Koenig; Dr.
Jerome B. Lando; Dr. Hugh Brown; Dr. Lucille S. Mayne;
Allen Holmes; Dr. David V. Ragone, Individually and In
Their Official Capacities, Defendants-Appellees.
 No. 91-3963.
 United States Court of Appeals, Sixth Circuit.
 July 13, 1992.
 
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiff Nwabueze V. Okocha brought this action against Case Western Reserve University and several employees of Case Western in their individual and official capacities, alleging that he was discriminated against on the basis of race and alienage. Plaintiff appeals the District Court's denial of its motion for an extension of time to respond to defendants' motion for summary judgment. For the following reasons, we AFFIRM the District Court.
 
 I.
 
 2
 Plaintiff filed his complaint on May 8, 1986 which was amended on May 28, 1986 to set forth fifteen causes of action. On February 17, 1987, the defendants filed a motion for summary judgment. Plaintiff filed a motion on March 6, 1987 requesting more time to respond to defendants' motion because he claimed that defendants had failed to comply with discovery requests. On April 27, 1987, plaintiff moved to extend the period for discovery to August 31, 1987 because plaintiff had new counsel and because two defendants were on vacation and their depositions could not be taken. The District Court did not rule on this motion. Plaintiff took depositions on May 6 and 27, 1987, and then conducted no further discovery. On November 12, 1987, plaintiff filed a request to extend discovery to November 31 [sic], 1987. The District Court granted plaintiff an extension of time until December 11, 1987 to complete discovery and to respond to defendants' motion for summary judgment. After a discovery conference on December 9, 1987, the District Court extended the discovery deadline to December 24, 1987 and plaintiff's deadline to respond to defendants' motion for summary judgment to February 29, 1988, and stated that there would be no further extensions of time.
 
 
 3
 On February 29, 1988, plaintiff requested additional time to respond to defendants' motion. Plaintiff requested this extra time pursuant to Fed.R.Civ.P. 56(f) and 6(b) because he did not receive two deposition transcripts from his court reporting service until February 28th, and had yet to receive one deposition transcript. The District Court denied this motion. The deposition transcripts have never been filed.
 
 
 4
 On September 12, 1991, the District Court granted defendants' motion for summary judgment and dismissed the case. Plaintiff appeals the District Court's denial of his February 29, 1988 motion for an extension of time.
 
 II.
 
 5
 Pursuant to Fed.R.Civ.P. 6(b), a district court may, at its discretion, grant an extension of time to file a response to a motion for summary judgment. Plaintiff argues that the District Court should have granted his motion for such an extension. Plaintiff argues that he was unable to respond to defendants' motion because he did not receive transcripts of the depositions of Dr. Jack Koenig and Barbara Leach until February 28, 1988, and as of February 29, 1988, had not received the deposition transcript of Dr. Jerome Lando. Plaintiff argues that his response to defendants' motion could not be completed without these transcripts. Plaintiff's counsel was present at these depositions. Yet, plaintiff did not file any response, which could have included counsel's affidavit stating the substance of the testimony that was given, even though he could not cite to specific transcript pages. Plaintiff never filed the completed transcripts with the District Court and never filed a response to defendants' motion for summary judgment. Plaintiff did not move for reconsideration of the order denying extension of the February 29, 1988 deadline. Plaintiff did not file anything further in this case until he filed a notice of appeal on October 10, 1991.
 
 
 6
 We do not believe the District Court abused its discretion in denying plaintiff's request for additional time to respond to defendants' motion for summary judgment. Discovery was complete as of December 24, 1987. Plaintiff had all discovery available to him to respond to defendants' motion for summary judgment even though certain transcripts were delivered to him late and one was not yet delivered. Despite knowing the substance of the deposition testimony for more than two months, plaintiff filed no response to the motion. He merely filed an affidavit of the court reporter that she had been unable to complete the transcription and a motion for additional time to file a response. Nothing was said about what it was in the depositions that was needed for a response.
 
 
 7
 Plaintiff filed a motion on December 2, 1991 to supplement the appellate record to include these three depositions. This Court denied the motion without prejudice to resubmit if the District Court denied the motion to supplement. On May 11, 1992, plaintiff filed a motion to postpone oral argument because the District Court had not ruled on the motion to supplement the record. This motion was denied on May 22, 1992. Even if a renewed motion to supplement is to be considered, no purpose would be served by now supplementing the record. Since we are reviewing the District Court's order denying additional time under an abuse of discretion standard and the depositions were not before the District Court, expansion of the record will not aid our decision.
 
 
 8
 The District Court's order is AFFIRMED.